DOC Form 225B (Revised 7/92)

DISC: #06-234
BCCF: #06-234

# ALABAMA DEPARTMENT OF CORRECTIONS
## DISCIPLINARY REPORT

1. INMATE: Cedric Johnson   CUSTODY: MED-2   AIS BM/232250

2. FACILITY: BULLOCK COUNTY CORRECTIONAL FACILITY

3. The above inmate is being charged by Officer Alex Rudolph with a violation of Rule Number 29 specifically Assault on a Person(s) Associated w/the DOC from regulation # 403, which occurred on or about February 25, 20 06 at (time) 12:00 (am/pm), Location: Main Hallway in Front of Cubicle #2.
A hearing on this charge will be held after 24 hours from service.

4. Circumstances of the violation(s) are as follows: You, inmate Cedric Johnson, BM/232250, did stand in Officer Alex Rudolph's path and refuse to move after several orders were given. When Officer Rudolph attempted to remove you, you struck Officer Rudolph several times in the left eye.

5. Alex Rudolph, COI
Arresting Officer/Signature/Rank

6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate on this the 28 day of February, 20 06 at (time) 12:22 (am/pm).

7. M. Foster CoI    Refused to sign M. Foster CoI
Serving Officer/Signature/Rank    Inmate's Signature/AIS Number

8. Witnesses desired? NO Refused to sign   YES CEDRIC JOHNSON
Inmate's Signature   Inmate's Signature

9. If yes, list: Lamario Auechart 14-Dorm, Fernandez Cowman 12 Dorm.

10. Hearing Date March 7, 2006   TIME 10:00 AM   PLACE ICS
11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.
12. A finding is made that inmate ( is ) is not ) capable of representing himself.

Teresa R. Maldon CoI
Signature/Hearing Officer

13. Plea: Refused to sign (Maldon) Not Guilty _____ Guilty
14. The Arresting Officer, inmate, and all witnesses were sworn to tell the truth.

Teresa R. Maldon, CoI
Signature/Hearing Officer

15. Arresting Officer's testimony (at the hearing): I was roving around Cubicle #2 (12-15). Officer LaSonja Haynes asked me to stop inmate Parnell and shake him down. I saw inmate Johnson approaching. After shaking down inmate Parnell, I stood up, turned to go in Dorm #12, inmate Johnson was standing directly in front of me. I asked him what was wrong and to step back, he was standing too close. He asked me the same thing. I ordered him to step back again, instead, he turned and leaned in towards me. I pushed him back, he grasped my jacket, pulling it over my head. He hit

Annex C of AR 403 (Page 1 of 3)

16. Inmate's Testimony: See attached written statment. Inmate Johnson also stated, "I did hit him several times because he pushed me.

Witness: L. Mari Anchor 2/7/06  Substance of Testimony: I was in Dorm #14. He gave me a cup of coffee to put on his bed. He left the dorm. He met Officer Rudolph. Next thing, somebody said they getting ready to fight. I stood up, went to the grill, Officer Rudolph grab-

Witness: Jermane David Jourman 233344  Substance of Testimony: I was in Dorm #12 washing my shoes. I saw Officer Rudolph and Johnson on the hallway. Johnson looked like he was explaining something to Rudolph. Rudolph grabbed him by the throat, pushed him back. Inmate Johnson hit

Witness: N/A  Substance of Testimony: _____

17. The inmate was allowed to submit written questions to all witnesses. Copy of questions and answers are attached.

Signature/Hearing Officer: Teresa R. Maldon, COI

18. The following witnesses were not called — Reason not called
    1. N/A
    2.
    3.

19. After hearing all testimony, the Hearing Officer makes the following findings of fact: (Be Specific)
The Hearing Officer finds that: On 2/25/06, at approximately 12:00 p.m., in the main hallway in front of Cubicle #2, inmate Cedric Johnson, BM/232250, did stand in Officer Alex Rudolph's path and refuse to move after several orders were given. When Officer Rudolph attempted to remove him, he struck Officer Rudolph

20. Basis for Findings of Fact: The hearing officer finds inmate Johnson guilty based on the arresting officer's sworn testimony under oath and inmate Johnson stated he did hit Officer Rudolph several times.

21. Hearing Officer's Decision:   X   Guilty    X   Major
                                      Not Guilty       Minor

22. Recommendation of Hearing Officer: 90 days loss of store, visiting, phone use privileges, 30 days of extra duty on 1st Shift, remove 12 months Good Time, and confine to Segregation for 45 days.

IGT BALANCE:
4yrs., 8mos. & 5 days.

Signature/Hearing Officer: Teresa R. Maldon, COI
TERESA MALDON, COI
Type Name and Title

23. Warden's Action / Date 3-9-06 .
Approved
Disapproved
Other (Specify)

24. Reason if more than 30 calendar days delay in action. _____

25. I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this 9 day of MARCH 20 06, at (time) 1:45 (am/pm).

Richard Smith COI.                          Refused to Sign Richard Smith COI.
Signature/Serving Officer/Title             Inmate's Signature/AIS Number

Annex C of AR 403 (Page 2 of 3)

(Continuation Sheet) ADOC Form 225B, Alabama Department of Corrections
Disciplinary Report (Optional)

Inmate Name & AIS # __Cedric Johnson - BM/232250__   Incident Report No. __06-234__
Facility __BULLOCK COUNTY CORRECTIONAL FACILITY__

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO ARRESTING OFFICER:
me several times. I could not come out of my jacket, it was hung on my radio. He hit me in my left eye several times. We fell to the floor. By this time, Officer L. Haynes assisted. Officers arriving were; Foster, Kelly, Thompkins, E. Haynes, and France.

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO INMATE:

CONTINUED WITNESS TESTIMONY (QBHO):
INMATE LaMARIO AVERHART: bed him, Johnson punched him, they sarting fighting.
INMATE FERNANDIUS LOWMAN: him, Ms. Haynes hit him with the radio. He pushed her out the way.

CONTINUED FINDINGS OF FACT:
several times in the left eye.

CONTINUED BASIS FOR FINDINGS OF FACT:

CONTINUED HEARING OFFICER'S RECOMMENDATIONS:

OTHER: _____

Annex C of AR 403 (Page 3 of 3)

ALABAMA DEPARTMENT OF CORRECTIONS
MENTAL HEALTH SERVICES
MENTAL HEALTH CONSULTATION TO DISCIPLINARY PROCESS

Inmate Name: **Cedric Johnson**     AIS#: **B/232250**
Institution: **BCCF**     Date of Disciplinary Report: **2-25-06**

**#29- Assault on Person(s) Associated w/ the D.O.C.**

Is the inmate currently on the mental health caseload?   ☐ Yes   ☐ No
If Yes, referred for mental health evaluation/consultation on: _____

### HEARING OFFICER:
Hearing officer must refer the inmate for mental health consultation if the inmate appears unable to understand what the charge is and what might happen as a result of the charge or the inmate appears unable to actively participate in the hearing as suggested by the following:

*Does the inmate know where he is?*   *Does the inmate know what date it is?*   *Does inmate know why he is seeing hearing officer?*
*Is the inmate appropriately dressed?*   *Is inmate able to speak coherently?*   *Does the inmate avoid eye contact?*
*Does the inmate make sense?*   *Are the inmate's statements logical and organized or unusual?*

Should the inmate be referred for mental health evaluation of competency?   ☐ Yes   ☐ No
If Yes, referred for mental health evaluation/consultation on: _____

### MENTAL HEALTH STAFF:
Date request for consult received: _____     Date consult returned: _____

Is the inmate competent to participate in the hearing?
If NO, why is the inmate not competent?     **(Yes)**   No

If NO, what treatment will assist the inmate in becoming competent?

Are there mental health issues that may have impacted inmate's behavior at the time of the charge?   Yes   **(No)**
If YES, briefly describe the issues:

Are there mental health issues to be considered regarding disposition if inmate found guilty?   Yes   **(No)**
If YES, briefly describe the issues and possible relation to the disposition:

Does mental health staff want to be present at the disciplinary hearing to provide input?   Yes   **(No)**
Mental Health Staff Member: **Mike Haynes**     Phone Contact: **137**

### DISCIPLINARY HEARING:
Does the inmate appear to be competent to participate in the hearing?   **(Yes)**   No
Have the mental health recommendations been considered?   **(Yes)**   No
Hearing Officer: **Teresa R. Maldon, COI**     Date: **3-7-06**

| Inmate Name **Cedric Johnson** | AIS # **232250** |

S was reviewed by the MH staff and I looked at his institutional file. He can go to disciplinary court.

Mike Haynes MH

File: Penal     Log: MHU

I Cedric Johnson walked down 14/15 dorm towards cube 3 relaying a message to someone, basically walking. (By me knowing the rules after being here at Bullock for so long) I got to the right side of the hall coming from cube 3 going toward the infirmary, and upon me approaching cube 2 I saw Mrs Haynes and officer Rudolph aggressively "verbally" handling an inmate by the name of Parnell (last name I can't remember). In front of cube door, blocking the whole walk way. If someone wanted to circle, they couldn't. So I stopped my walk to make sure I wouldn't get in their way. Officer Rudolph I guess spotted me out of the corner of his eye because he glanced my way. I over heared him saying to inmate Parnell that "Mental Health's got pill call going on, so the hall is locked down, so why was he coming up their halls when he doesn't live in Mental Health. So they chewed him out and he left. And Mrs Haynes trailed right behind him heading towards the shift office direction. So upon officer Rudolph seeing me standing there during his discussion with Parnell, he automatically turned towards me, stepped towards (in front) of me and say (Now what the fuck you want)" Right there he violated the '403' where it states (No officer is suppose to abuse authority at any time or use verbal abusive language 'cursing') So I told him I'm walking towards the infirmary officer Rudolph said "No you ain't, you fenna get the fuck outa my face"... Now if this is the many of several direct orders he say he had given me, I couldn't conceive it, I couldn't see it or grasp it due to the lack of communication. I'm trying to see why is he (officer Rudolph) handling me this rough so I paused and tried to register this in my head. So as I'm trying to take all this in he charges me around the throat launching me towards the cube (cube 2) So I blanked out. I know I'm an inmate but this wasn't my fight this was his, and he was the aggressor. If the 403 was being abided by, so if I had've violated he could've called the shift office like other officers do and reported my major violation before assaulting me, over basically nothing.

Thank You.

1) Prior to your altercation with Mr. Johnson, you and Mrs. Haynes had a verbal altercation with Mr. Parnell, correct? Was this around the S.A.P. AREA? **Already answered in statement**

2) Being that this took place around 14 & 15 where did you and Mr. Johnson altercation take place? **in front of cube #**

3) Did Mr. Johnson stop "as if being nosey" to observe your altercation with Mr. Parnell? **Yes**

4) Then how did Mr. Johnson end up in your path if he stopped to observe in the crimebill area which is where your altercation took place? **This occured in front of Cube #**

5) Is it possible you unawaringly walk or approached Mr. Johnson out of frustration after dealing with Parnell? **No**

  Upon you approaching Mr. Johnson out of frustration, you gave him your impression of the several direct orders you claimed to have given him? **No**

6) What was the reason of repetitously cursing Mr. Johnson? **I may have cursed when I removed him from in front of me Mr. Johnson**

7) Is it possible you handled the situation unproffessionally? **IRR**

8) Did you lash out on Mr. Johnson Physically when he didn't understand "your" order? **No**

## Witnesses

1) Mr. Avehart what did you hear, if you heared, and witness?
2) Mr. Lowman what did you hear, if you heard, and witness?

**See synopsis & statements**