IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIC JOHNSON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LOUIS BOYD, ET AL. )<br>)<br>Defendant(s). )<br>)<br>) | 2:06-CV-602-MEF |

## SPECIAL REPORT AND ANSWER

COME NOW the Defendants, **Louis Boyd, Alex Rudolph and Edward Haynes,** by and through undersigned counsel, and in accordance with this Honorable Court's July 12, 2006 Order, offer the following answer and written report.

## PARTIES

1. The Plaintiff, Cedric Johnson, is an inmate with the Alabama Department of Corrections, Bullock County Correctional Facility.

2. Defendant Louis Boyd is employed by the Alabama Department of Corrections, Bullock County Correctional Facility as a Correctional Warden II.

3. Defendant Alex Rudolph is employed by the Alabama Department of Corrections, Bullock County Correctional Facility as a Correctional Warden I.

4. Defendant Edward Haynes is employed by the Alabama Department of Corrections, Bullock County Correctional Facility as a Correctional Officer I.

## EXHIBITS

EXHIBIT 1 – Affidavit of Warden Louis Boyd.

EXHIBIT 2 - Affidavit of Alex Rudolph

EXHIBIT 3 - Affidavit of Edward Haynes

EXHIBIT 4 - Affidavit of Lasonja Haynes

EXHIBIT 5 – Affidavit of Warden Louis Boyd and Attached Documents:

    Incident Report, Disciplinary Report and Body Chart.

EXHIBIT 6 - Certified copy of Administrative Regulation 403 (*See* footnote #1)

## OTHER POTENTIAL WITNESSES

1. Larry Beachem, Correctional Officer I, employed by the Alabama Department of Corrections, Bullock County Correctional Facility

2. Andre DeBose, Correctional Officer I, employed by the Alabama Department of Corrections, Bullock County Correctional Facility

3. Alberta Williams, Correctional Officer I, employed by the Alabama Department of Corrections, Bullock County Correctional Facility

4. Inmate LaMario Averhart, #217106

5. Inmate Fernanius Lawman, #233344

## PLAINTIFF'S CLAIMS

The Plaintiff inmate claims under 42 U.S.C. §1983 that Defendants Edward Haynes and Alex Rudolph violated his Eighth Amendment rights by beating him, and that the "Administration" knows that Defendant Rudolph is unstable and working over inmates. Specifically, the Plaintiff inmate claims that Defendant Rudolph grabbed him around the neck and choked him and that Defendant Haynes hit him over the head with a radio. The Plaintiff inmate alleges that Defendant Rudolph violated Department of

Corrections Administrative Policy 403[1]. The Plaintiff inmate does not request any relief other than that the Court investigate the matter.

## DEFENDANTS' ANSWER AND RESPONSE

1. The Plaintiff inmate fails to request any relief other than for the Court to investigate the matter.

2. The Defendants deny that they violated the Plaintiff's constitutional rights.

3. The Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

4. The Plaintiff has failed to state a claim upon which relief may be granted.

5. The Plaintiff makes no specific allegations against Defendant Boyd, never mentioning Defendant Boyd in his entire Complaint.

6. The Defendant Edward Haynes was not present and had no involvement in the allegations.

7. The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

8. The Defendants are immune from suit due to qualified immunity.

## STATEMENT OF FACTS

On February 25, 2006, at or about 12:00 p.m., a correctional officer requested that Defendant Rudolph pat search an inmate who was in an unauthorized area in Bullock County Correctional Facility. (Ex. 2, p. 1; Ex. 4, p. 1; Ex. 5, Incident Report). When Defendant Rudolph conducted a pat down search on the inmate, the Plaintiff inmate

---

[1] Administrative Policy 403 is attached as Exhibit 6 and appears to have no relevance to the Plaintiff inmate's claims.

3

approached Defendant Rudolph. (Ex. 2, p. 1; Ex. 5, Incident Report). After completing the pat down search, Defendant Rudolph stood up, and turned to walk towards dormitory #12. (Ex. 2, p. 1). The Plaintiff inmate was standing directly in Defendant Rudolph's path. (Ex. 2, p. 1-2; Ex. 5, Incident Report).

Defendant Rudolph asked the Plaintiff inmate what was wrong and ordered the Plaintiff inmate to step back from him and allow him to pass, as the Plaintiff inmate was standing too close to him. (Ex. 2, p. 2; Ex. 5, Incident Report). The Plaintiff inmate stated, "What's wrong with you?" (Ex. 2, p. 5; Ex. 5, Incident Report). Again, Defendant Rudolph ordered the Plaintiff inmate to step back. (Ex. 2, p. 2; Ex. 5, Incident Report). The Plaintiff inmate turned his body sideways and leaned towards Defendant Rudolph. Defendant Rudolph used both hands and pushed the Plaintiff inmate in the chest area. (Ex. 2, p. 2).

The Plaintiff inmate grabbed Defendant Rudolph's left and right arms by the fabric of his State-issued jacket. (Ex. 2, p. 2; Ex. 5, Incident Report). The Plaintiff began pulling at Defendant Rudolph, causing the jacket to rise above his head. (Ex. 2, p. 2; Ex. 5, Incident Report). The Plaintiff inmate struck Defendant Rudolph several times in the face and left eye area. (Ex. 2, p. 2; Ex. 5, Incident Report). A correctional officer observed the altercation and radioed for assistance. (Ex. 4, p. 2; Ex. 5, Incident Report). Defendant Rudolph was able to block some of the blows and attempted to swing blindly while his head was covered. (Ex. 2, p. 2). The Plaintiff inmate attempted to strike another correctional officer, and she struck the Plaintiff inmate. (Ex. 4, p. 2; Ex. 5, Incident Report).

4

With the assistance of other correctional officers, Defendant Rudolph was able to restrain the Plaintiff inmate. (Ex. 2, p. 2; Ex. 4, p. 2). Defendant Rudolph denies choking the Plaintiff inmate or being on psychiatric medication. (Ex. 2, p. 2).

Defendants Edward Haynes and Warden Boyd were not present during the altercation. (Ex. 1, p. 1; Ex. 3, p. 1).

The Plaintiff inmate was escorted to the Infirmary where a body chart was performed. (Ex. 5, Incident Report; Ex. 5, Body Chart (Johnson, Cedric)).

The Plaintiff inmate was later found guilty after a disciplinary hearing for Assault on a Person Associated with the Department of Correction. (Ex. 5, Disciplinary Report).

**ARGUMENT**

**I.    The Plaintiff inmate fails to request any relief.**

A pleading shall contain a demand for judgment for the relief the party seeks. Rule 8(a), Federal Rules of Civil Procedure. In his Complaint, the Plaintiff inmate fails to request relief, other than that the Court perform an investigation into the facts. (*See* Complaint, p. 4). Because no relief is sought in this matter, the claims against the Defendants are due to be dismissed.

**II.   No specific allegations are claimed against Defendant Warden Boyd.**

The Plaintiff inmate's Complaint fails to mention Defendant Warden Boyd. (*See* Complaint). Defendant Warden Boyd was not present during the altercation with the Plaintiff inmate. (Ex. 1, p. 1). No specific allegations are made against Defendant Warden Boyd. (*See* Complaint). The claims against Defendant Warden Boyd are; therefore, due to be dismissed.

### III.     Plaintiff's claim of cruel and unusual punishment is without merit.

Claims of excessive force against inmates are governed by the Eighth Amendment's proscription of cruel and unusual punishment. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). To establish an Eighth Amendment claim of excessive force, the plaintiff must prove that "'force was applied … maliciously and sadistically for the very purpose of causing harm.'" Id., *quoting* Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 89 L.E.2d 251 (1986). The "core judicial inquiry" in such a claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992). To determine whether force was used "maliciously and sadistically for the very purpose of causing harm" there are five factors to review: (1) "the extent of the injury"; (2) "the need for application of force"; (3) "the relationship between that need and the amount of force used"; (4) "any efforts made to temper the severity of a forceful response"; and (5) "the extent of the threat to the safety of the staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." Campbell, 169 F. 3d at 1375 (*citing* Whitley, 475 U.S. at 321, 106 S.Ct. at 1079); Hudson, 503 U.S. at 7, 112 S.Ct. at 999.

In applying these factors to the instant case, it is clear that the Plaintiff inmate has not shown a viable claim of excessive force. First, the Plaintiff inmate suffered only an unopened bump on his head. (Ex. 5, Body Chart (Johnson, Cedric)). Defendant Rudolph ordered the Plaintiff inmate to step back twice. (Ex. 2, p. 2; Ex. 5, Incident Report). Only upon refusal of the Plaintiff inmate to comply with a direct order, twice, did Defendant Rudolph push the Plaintiff inmate using both hands. (Ex. 2, p. 2; Ex. 5,

Incident Report). Then the Plaintiff inmate pulled Defendant Rudolph's jacket over his head and began hitting him. (Ex. 2, p. 2; Ex. 5, Incident Report). Only then did Defendant Rudolph blindly swing at the Plaintiff inmate and block the Plaintiff inmate's blows. (Ex. 2, p. 2; Ex. 5, Incident Report). Defendants Haynes and Warden Boyd were not present. (Ex. 1, p. 1; Ex. 3, p. 1). The Plaintiff inmate cannot establish even one element of a viable claim for excessive force.

Prison administrators should be accorded "wide-ranging deference" in executing practices that are necessary to preserve internal order and discipline and maintain institutional security. Whitely v. Albers, 475 U.S. 312, 321-22, (*quoting* Bell v. Wolfish, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979)). Defendant Rudolph pushed the Plaintiff inmate because the Plaintiff inmate twice refused to step away and let Defendant Rudolph pass. (Ex. 2, p. 2; Ex. 5, Incident Report). Defendant Rudolph had a right to block the Plaintiff inmate's blows and try to restrain the Plaintiff inmate when his jacket was pulled over his head. Defendants Haynes and Warden Boyd were not even present. (Ex. 1, p. 1; Ex. 3, p. 1).

As the Supreme Court has stated, every "malevolent touch" by a prison officer does not give rise to a federal cause of action. Hudson, 503 U.S. at 9, 112 S.Ct. at 1000. *De minimus* uses of physical force, provided they are not "repugnant to the conscience of mankind" are not protected by the Eighth Amendment. Hudson, 503 U.S. at 9-10, 112 S.Ct. at 1000. The Plaintiff inmate alleges that he was choked, which is denied. (*See* Complaint; Ex. 2, p. 2). The Plaintiff inmate suffered an unopened bump on his head. (Ex. 5, Body Chart (Johnson, Cedric)). The Plaintiff inmate does not request any relief.

(*See* Complaint, p. 4).   Because Plaintiff has not shown an injury that would support a claim of excessive force, all of the Defendants are entitled to a summary judgment.

**IV.  Defendants are immune from suit.**

Another ground supporting a judgment in favor of the Defendants is immunity. To the extent the Defendants are sued in their official capacity, they are immune from liability. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizenry.  *See* Edelman v. Jordan, 415 U.S. at 663, 94 S. Ct. at 1347 and Hans v. Louisiana, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890).

The Eleventh Amendment also prohibits a suit against state officials and employees where the State is the real, substantial party in interest.  *See* Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984).   "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State.  Thus, all of the Defendants are absolutely immune from damages liability.

In addition, the Defendants are protected by qualified immunity.  As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and

8

liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Blankenship, 163 F.3d 1284, 1288 (11th Cir. 1998)(*quoting* Lassiter v. Alabama A & M Univ. Bd. of Trustees, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). Because the alleged acts by the Defendants consist of discretionary functions, and because the actions do not violate any clearly established constitutional or statutory rights, the Defendants are protected by qualified immunity. Wilson, *supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also* Pinkney v. Davis, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" Wilson, 163 F.3d at 1295. Thus, a summary judgment should be entered in favor of the Defendants.

## **CONCLUSION**

There are no genuine issues of material fact, and the Defendants are entitled to judgment as a matter of law. WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the claims against them.

Respectfully submitted,

TROY KING (KIN047)
Attorney General


 /s/  CHEAIRS M. PORTER
Cheairs M. Porter (015)
Assistant Attorney General
Counsel for Defendants

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300
(334) 242-2433 (fax)

### CERTIFICATE OF SERVICE

I hereby certify that I have, this the 20th day of September, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

    Cedric Johnson, #232250
    Bullock Correctional Facility
    PO Box 5107
    Union Springs, AL  36089

                        /s/  CHEAIRS M. PORTER
                        OF COUNSEL