# **A F F I D A V I T**

Before me, the undersigned authority, a Notary Public, in and for said County and State of Alabama at Large, personally appeared Louis Boyd, who being known to me, and being by me first duly sworn, deposes and says under oath as follows:

My name is Louis Boyd, and I am presently employed as a Correctional Warden II, with the Alabama Department of Corrections, Bullock County Correctional Facility, Post Office Box 5107, Union Springs, Alabama 36089. I am over twenty-one (21) years of age.

I certify that the attached documents (Incident Report Number BCF:06-234 and Disciplinary Report DISC: #06-234) are true and correct copies of documents on file here at Bullock County Correctional Facility.

Louis Boyd

STATE OF ALABAMA)

COUNTY OF BULLOCK)

SWORN TO AND SUBSCRIBED before me and given under my hand and official seal on this the ___9th___ day of August 2006.

_____
NOTARY PUBLIC

My Commission Expires: __2/24/2009__

SEAL

**EXHIBIT 5**

# STATE OF ALABAMA
## DEPARTMENT OF CORRECTIONS
## INCIDENT REPORT

| 1. Institution: Bullock County Correctional Facility | 2. Date: 2/25/06 | 3. Time: 12:00 p.m. | 4. Incident Number: BCF: 06-234 | Class Code: B |
|---|---|---|---|---|
| 5. Location Where Incident Occurred: Main Hallway in Front of Cubical II | | 6. Type of Incident: Rule #29 Assault on a Person Associated with the Department of Correction | | |
| 7. Time Incident Reported: 12:03 p.m. | | 8. Who Received Report: Sgt. Alberta Williams | | |

**9. Victims:**
- a. N/A — No. N/A
- b. — No.
- c. — No.

**10. Suspects:**
- a. Cedric Johnson — No. B/232250
- b. — No.
- c. — No.
- d. — No.
- e. — No.

**11. Witnesses:**
- a. N/A — No. N/A
- b. — No.
- c. — No.
- d. — No.
- e. — No.
- f. — No.
- g. — No.

**PHYSICAL EVIDENCE:**

12. Type of Evidence: N/A

13. Description of Evidence: N/A

14. Chain of Evidence:
- a. N/A
- b.
- c.
- d.
- e.

**15. Narrative Summary:**

On 2/25/06, at approximately 12:00 p.m., Roving around dormitories #12- #15. Officer Rudolph was verbally requested by Officer LaSonja Haynes, COI to pat search inmate Roderick Pernell, B/169490, (Officer Haynes was presently at the Mental Health intersection) when Officer Haynes verbally stated that inmate Pernell was in the Mental Health area, and did not have authorization to be in Mental Health. Officer Rudolph was conducting the pat search of inmate Pernell when inmate Cedric Johnson, B/232250, approached the area where Officer Rudolph was conducting the "pat search" of inmate Pernell. Upon completion of the pat search on inmate Pernell, Officer Rudolph stood up, and turn to walk towards dormitory #12. Inmate Johnson was standing directly in Officer Ruldolph's path. Officer Rudolph gave inmate Johnson a direct order to step back from him (Officer Rudolph) to allow Officer Rudolph to pass. Officer Rudolph asked inmate Johnson, "Why are you standing so close to me." Inmate Johnson respond and stated to Officer Rudolph, "What's wrong with

Distribution: ORIGINAL AND ONE    (1) COPY to Central I & I Division    COPY to Deputy Commissioner of Operations (Class A and B ONLY)
COPY to Institutional File    COPY to Central Records Office

ADOC Form 302-A – June 1, 2005



STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: Bullock County Correctional Facility | Incident Number: BCF: 06-234 | Class Code: B |
|---|---|---|
| Date: 2/25/06 | Type of Incident: Rule #29 Assault on a Person Associated with the Department of Corrections | |

Narrative Summary (Continued) Page No. 2

you." Officer Rudolph ordered inmate Johnson to step away from him (Officer Rudolph) again. Inmate Johnson refused to move and positioned his (inmate Johnson) body by leaning his (inmate Johnson) upper body forward towards Officer Rudolph. Officer Rudolph pushed inmate Johnson backwards by using both open hands to the chest area, to create space between inmate Johnson and Officer Rudolph. Upon making contact with inmate Johnson chest area, inmate Johnson grasp hold of Officer Rudolph's left and right forearms and pulled Officer Rudolph's jacket, causing the jacket to be pulled above Officer Rudolph's head. Inmate Johnson then struck Officer Rudolph several times in the left eye. Officer Haynes tackled inmate Johnson causing Officer Rudolph along with inmate Johnson to fall to the floor. Upon falling to the floor, Officer Rudolph removed his (Officer Rudolph) coat, and proceeded to restrain inmate Johnson by grasping inmate Johnson by the left leg and right arm. At approximately 12:01 p.m., Officers Brian Thompkins, Kelvin Jiles, Rodrick Kelly and Linda Rudolph arrived, and assist in restraining inmate Johnson. Inmate Johnson was then escorted to the infirmary by said Officers, (along with Officer Michael France whom now had arrived on the scene) at approximately 12:05 p.m., (see attached medical report). At approximately 12:20 p.m., inmate Johnson was escorted by Officers France, Larry Beachem, and Kelly (Per Sgt. Alberta Williams whom was advised of the incident a approximately 12:03 p.m.) to Segregation, were he (inmate Johnson) was placed in Seg. cell #5T. At approximately 12:45 p.m., Officer Rudolph received a body chart for eye and left hand injury. A disciplinary report was prepared against inmate Johnson for Rule Violation #29 Assault on a D.O.C Official.

_____
Alex Rudolph, COI

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: Bullock County Correctional Facility | Incident Number: BCF: 06-234 | Class Code: B |
|---|---|---|
| Date: 2/25/06 | Type of Incident: **Rule #29 Assault on a Person Associated with the Department of Corrections** | |

Narrative Summary (Continued) Page No. 3

### ADDEMDUM

On 2/25/06, at approximately 12:03 p.m., Officer LaSonja Haynes advised Sgt. Alberta Williams that a code Red was in process and assistance is needed around Cube II. Sgt. Williams departed to Cube II. Officer Alex Rudolph advised Sgt. Williams concerning the incident with inmate Cedric Johnson, B/232350. Officer Rudolph advised that he (Officer Rudolph) was conducting a pat search on inmate Roderick Pernell, B/169490. Upon completing the pat search on inmate Pernell, inmate Cedric Johnson stood in his (Officer Rudolph) path. Officer Rudolph stated to Sgt. Williams inmate Johnson refused to move after given several orders to do so. Also, Officer Rudolph stated he had used both hands to push inmate Johnson in the chest area to create space between inmate Johnson and Officer Rudolph. Inmate Johnson hit Officer Rudolph in the left eye several times (see attached body chart). Officers LaSonja Haynes, Larry Beachem, and Andre Debose assisted with restraining inmate Johnson and Officer Rudolph (see attached body chart). At approximately 12:05 p.m., Sgt. Williams entered into the Infirmary and questioned inmate Johnson concerning the incident. Inmate Johnson stated to Sgt. Williams, "I don't know," Sgt. Williams advised inmate Johnson that he (inmate Johnson) will be placed in the Segregation Unit for violation of Rule #29 Assault on a DOC Official. Capt. Henry Perkins was notified, the on call Officer at approximately 1:30 p.m., Risk Management, DOC Personnel, I&I and Mr. Lovelace was faxed concerning the incident. No further action taken at this time.

_Alberta Williams, COII_
Alberta Williams, COII

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: Bullock County Correctional Facility | Incident Number: BCF: 06-234 | Class Code: B |
|---|---|---|
| Date: 2/25/06 | Type of Incident: **Rule #29 Assault on a Person Associated with the Department of Corrections** | |

Narrative Summary (Continued) Page No. 4

### Statement

On 2/25/06, at approximately 12:03 p.m., I was assigned to the Segregation Unit when a Code Red was called for the Cubicle II area. I exited the Unit to assist with restraining inmate Cedric Johnson, B/M232250. As I approached the scene inmate Johnson was already on the floor on his stomach. I pulled inmate Johnson's left hand behind his back and placed one cuff on as another unidentified Officer pulled his right hand back and the other cuff was placed on his right wrist. Officer Andre DeBose and I pulled Johnson to his feet and escorted him to the Infirmary (see incident report and body chart). No further action taken.

Larry Beachem, COI

### Statement

On 2/25/06, at approximately 12:03 p.m., I was assigned as the Rover around Cube IV, the command Code Red was called over the radio for all available Officer's to report to Cube II area. Once their I assisted Officer Larry Beachem restrain inmate Cedric Johnson, B/232250, by placing his right hand behind his back, as Officer Beachem cuff his left and right hand together. At that time Officer Beachem and I assisted Johnson to his feet and escorted him to the Infirmary. No further action taken.

Andre DeBose, COI

ADOC Form 302-B – June 1, 2005

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS

## INCIDENT REPORT/DUTY OFFICER REPORT
## CONTINUATION

| Institution: Bullock County Correctional Facility | Incident Number: BCF: 06-234 | Class Code: B |
|---|---|---|
| Date: 2/25/06 | | Type of Incident: **Rule #29 Assault on a Person Associated with the Department of Corrections** |

Narrative Summary (Continued) Page No. 5

### Statement

On 2/25/06, at approximately 11:58 p.m., I Officer LaSonja Haynes was relieving Officer Sabrina Lynn in dorms 5-11 when I (Officer L. Haynes) observed inmate Roderick Pernell coming from dorms 5-11. I (Officer L. Haynes) verbally advised Officer Alex Rudolph to pat search inmate Pernell. Inmate Pernell is assigned to Dorms #20 bed #83, Dorms 5-11 is an unauthorized dorm for population inmates. At approximately 12:00 p.m., I (Officer L. Haynes) was en-route back to the shift office when I observed Officer A. Rudolph and inmate Cedric Johnson, B/232250 in a physical altercation. I (Officer L. Haynes), via radioed for assistance around Cubicle II. I (Officer L. Haynes) then approached both Officer A. Rudolph and inmate Johnson. Inmate Johnson attempted to strike with his (inmate Johnson) left closed fist in Officer L. Haynes facial area. I (Officer L. Haynes) grasped inmate Johnson in his (inmate Johnson) upper chest and then attempted to restrain him (inmate Johnson). Inmate Johnson resisted. I (Officer L. Haynes) then struck inmate Johnson twice in his (inmate Johnson) facial area with my closed right hand. Officer A. Rudolph and inmate Johnson fell to the floor. No further action taken at this time.

*LaSonja Haynes, COI*

ADOC Form 302-B – June 1, 2005

**PHS** PRISON HEALTH SERVICES INCORPORATED

# EMERGENCY

| ADMISSION DATE 2/25/06 | TIME 12:05 AM/PM | ORIGINATING FACILITY ☐ SIR ☐ PDL ☐ ESCAPEE ☐ | ☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT |
|---|---|---|---|

| ALLERGIES NKA | CONDITION ON ADMISSION ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |
|---|---|

VITAL SIGNS: TEMP 97.8 ORAL/RECTAL   RESP. 20   PULSE 96   B/P 94/60   RECHECK IF SYSTOLIC <100> 50 __/__

**NATURE OF INJURY OR ILLNESS**

S - Nonverbal

O - alert, oriented x3, ambulatory. Sm bump unnoticed on top of head. No other bruises or scratches noted. No c/o distress present. PERL

A - Routine DOC Body Chart

**PHYSICAL EXAMINATION**

P - 1) + NCU PRN
2) Release to DOC

ABRASION /// | CONTUSION # | BURN xx/xx | FRACTURE z/z | LACERATION / SUTURES

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| | | |

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT** R/+ NCU PRN

| DISCHARGE DATE 2/25/06 | TIME 12:15 AM/PM | RELEASE / TRANSFERRED TO | ☑ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|---|
| NURSE'S SIGNATURE Shelia Roberts | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

| INMATE NAME (LAST, FIRST, MIDDLE) Johnson, Cedric | DOC# 235250 | DOB 9/28/83 | R/S B/M | FAC. BCCF |
|---|---|---|---|---|

(White - Record Copy, Yellow - Pharmacy Copy)



**PHS** PRISON HEALTH SERVICES INCORPORATED

# EMERGENCY

| ADMISSION DATE | TIME | ORIGINATING FACILITY | | SICK CALL | EMERGENCY |
|---|---|---|---|---|---|
| 2/25/06 | ___ AM/PM | ☐ SIR ☐ PDL ☐ ESCAPEE ☐ ____ | | ☐ OUTPATIENT | |

| ALLERGIES | CONDITION ON ADMISSION: ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA |
|---|---|

VITAL SIGNS: TEMP 98.8 ORAL/RECTAL   RESP. 20   PULSE 109   B/P 138/98   RECHECK IF SYSTOLIC <100> 50 ____

**NATURE OF INJURY OR ILLNESS**

S - "my ®eye hurts"
O - alert & orientated x3
® eye swollen. ® side of face swollen & small scratches noted to ® eye area. No further injuries noted. Ambulatory č out assistance. ® med finger swollen & stiff; scratch noted on knuckle
A - Routine Body Chart

ABRASION ///   CONTUSION #   BURN xx/xx   FRACTURE Z/Z   LACERATION / SUTURES

**PHYSICAL EXAMINATION**

P - 1) Return to HCU PRN

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| | | |

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT** Officer Rudolph, Alex

| DISCHARGE DATE | TIME | RELEASE / TRANSFERRED TO | ☐ DOC ☐ AMBULANCE | CONDITION ON DISCHARGE: ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|---|
| 2/25/06 | 13:45 PM | | | |

| NURSE'S SIGNATURE | DATE 2/25/06 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|

(White - Record Copy, Yellow - Pharmacy Copy)



**PHS** PRISON HEALTH SERVICES INCORPORATED

# EMERGENCY

| ADMISSION DATE 2/25/06 | TIME 1251 ☐AM ☐PM | ORIGINATING FACILITY ___ ☐SIR ☐PDL ☐ESCAPEE ☐___ | ☐SICK CALL ☐EMERGENCY ☐OUTPATIENT |
|---|---|---|---|

| ALLERGIES NKDA | | CONDITION ON ADMISSION ☒GOOD ☐FAIR ☐POOR ☐SHOCK ☐HEMORRHAGE ☐COMA |
|---|---|---|

VITAL SIGNS: TEMP 98.9 ORAL/RECTAL    RESP. 20    PULSE 62    B/P 130/80    RECHECK IF SYSTOLIC <100> 50 ___

**NATURE OF INJURY OR ILLNESS**

Doc Body Chart

O. Ambulatory to HCU, oriented, No c/o pain. redness to lower (R) forearm

A. Routine Body Chart

| ABRASION /// | CONTUSION # | BURN xx/xx | FRACTURE z/z | LACERATION / ___ SUTURES |
|---|---|---|---|---|

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

**PHYSICAL EXAMINATION**

P. Return to HCU prn

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| | | |

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

| DISCHARGE DATE 2/25/06 | TIME 1300 ☐AM ☐PM | RELEASE / TRANSFERRED TO | ☒DOC ☐AMBULANCE ☐ | CONDITION ON DISCHARGE ☒SATISFACTORY ☐POOR ☐FAIR ☐CRITICAL |
|---|---|---|---|---|
| NURSE'S SIGNATURE [sig] LPN | DATE 2/25/06 | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |

| INMATE NAME (LAST, FIRST, MIDDLE) Thompkins, Brian L02 | | DOC# | DOB 8-10-76 | R/S B/M | FAC. BMF |
|---|---|---|---|---|---|

(White - Record Copy, Yellow - Pharmacy Copy)

**PHS** PRISON HEALTH SERVICES INCORPORATED

# EMERGENCY

| ADMISSION DATE | TIME | ORIGINATING FACILITY BCCF | | SICK CALL ☐  EMERGENCY ☑ |
|---|---|---|---|---|
| 2/25/06 | 1220 AM/PM | ☐ SIR ☐ PDL ☐ ESCAPEE ☐ | | ☐ OUTPATIENT |

**ALLERGIES** PCN

**CONDITION ON ADMISSION** ☐ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

**VITAL SIGNS: TEMP** 96.8 ORAL/RECTAL   **RESP.** 18   **PULSE** 78   **B/P** 140/80   **RECHECK IF SYSTOLIC <100> 50**

**NATURE OF INJURY OR ILLNESS**

S - My arm hurts

O - Ambulatory to HCU
c/o pain to Rt forearm
slight swelling noted
area tender to touch
Broken nail noted to Lt
middle finger no active
bleeding noted c/o lower
back pain

**PHYSICAL EXAMINATION**

A - Routine Body Chart

P - Return to HCU prn

| ABRASION /// | CONTUSION # | BURN xx/xx | FRACTURE Z/Z | LACERATION / SUTURES |
|---|---|---|---|---|

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| | | |

**DIAGNOSIS**

**INSTRUCTIONS TO PATIENT**

| DISCHARGE DATE | TIME | RELEASE / TRANSFERRED TO | ☐ DOC ☐ AMBULANCE ☐ | CONDITION ON DISCHARGE ☐ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL |
|---|---|---|---|---|
| 2/25/06 | 1230 AM/PM | | | |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| W Warnl | 2/25/06 | | | |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Haynes Lasonja COI | | 9/73 | B/F | BCCF |

(White - Record Copy, Yellow - Pharmacy Copy)

DISC: #06-234
BCCF: #06-234

ALABAMA DEPARTMENT OF CORRECTIONS
DISCIPLINARY REPORT

1. INMATE: Cedric Johnson          CUSTODY  MED-2     AIS BM/232250

2. FACILITY: BULLOCK COUNTY CORRECTIONAL FACILITY
3. The above inmate is being charged by Officer Alex Rudolph with a violation of Rule Number 29 specifically Assault on a Person(s) Associated w/the DOC from regulation # 403, which occurred on or about February 25, 2006 at (time) 12:00 am/pm, Location: Main Hallway in Front of Cubicle #2.
A hearing on this charge will be held after 24 hours from service.
4. Circumstances of the violation(s) are as follows: You, inmate Cedric Johnson, BM/232250, did stand in Officer Alex Rudolph's path and refuse to move after several orders were given. When Officer Rudolph attempted to remove you, you struck Officer Rudolph several times in the left eye.

5. Alex Rudolph, COI
   Arresting Officer/Signature/Rank

6. I hereby certify that I have personally served a copy of the foregoing upon the above named inmate on this the 28 day of February, 20 06 at (time) 12:27 (am/pm).

7. M. Foster CO I          Refused to sign M. Foster CO I
   Serving Officer/Signature/Rank      Inmate's Signature/AIS Number

8. Witnesses desired? NO Refused to sign CEDRIC JOHNSON    YES CEDRIC JOHNSON
   Inmate's Signature                    Inmate's Signature

9. If yes, list: Lamorio Auerhart 14-Dorm, Fernandez Cowman 12 Dorm.

10. Hearing Date March 7, 2006   TIME 10:00 Am   PLACE ICS
11. Inmate must be present in Hearing Room. If he is not present explain in detail on additional page and attach.
12. A finding is made that inmate (is) is not ) capable of representing himself.

    Teresa R. Maldon COI
    Signature/Hearing Officer

13. Plea: Refused to sign (Maldon) Not Guilty _____ Guilty
14. The Arresting Officer, inmate, and all witnesses were sworn to tell the truth.

    Teresa R. Maldon, COI
    Signature/Hearing Officer

15. Arresting Officer's testimony (at the hearing): I was roving around Cubicle #2 (12-15). Officer LaSonja Haynes asked me to stop inmate Parnell and shake him down. I saw inmate Johnson approaching. After shaking down inmate Parnell, I stood up, turned to go in Dorm #12, inmate Johnson was standing directly in front of me. I asked him what was wrong and to step back, he was standing too close. He asked me the same thing. I ordered him to step back again, instead, he turned and leaned in towards me. I pushed him back, he grasped my jacket, pulling it over my head. He hit

Annex C of AR 403 (Page 1 of 3)

6. Inmate's Testimony: See attached written statment. Inmate Johnson also stated, "I did hit him several times because he pushed me.

Witness: X ~L. Mari Archet~ 217/06   Substance of Testimony: I was in Dorm #14. He gave me a cup of coffee to put on his bed. He left the dorm. He met Officer Rudolph. Next thing, somebody said they getting ready to fight. I stood up, went to the grill, Officer Rudolph grab-

Witness: X ~Jermarr Shird Journan~ 233344   Substance of Testimony: I was in Dorm #12 washing my shoes. I saw Officer Rudolph and Johnson on the hallway. Johnson looked like he was explain- ing something to Rudolph. Rudolph grabbed him by the throat, pushed him back. Inmate Johnson hit

Witness: N/A   Substance of Testimony: _____

7. The inmate was allowed to submit written questions to all witnesses. Copy of questions and answers are attached.

Teresa R. Maldon, COI
Signature/Hearing Officer

8. The following witnesses were not called — Reason not called
1. N/A
2.
3.

9. After hearing all testimony, the Hearing Officer makes the following findings of fact (Be Specific)
The Hearing Officer finds that: On 2/25/06, at approximately 12:00 p.m., in the main hallway in front of Cubicle #2, inmate Cedric Johnson, BM/232250, did stand in Officer Alex Rudolph's path and refuse to move after several orders were given. When Officer Rudolph attempted to remove him, he struck Officer Rudolph

Basis for Findings of Fact: The hearing officer finds inmate Johnson guilty based on the arresting officer's sworn testimony under oath and inmate Johnson stated he did hit Officer Rudolph several times.

Hearing Officer's Decision:   X  Guilty    X  Major
                              ___ Not Guilty  ___ Minor

Recommendation of Hearing Officer: 90 days loss of store, visiting, phone use privi- leges, 30 days of extra duty on 1st Shift, remove 12 months Good Time, and confine to Segregation for 45 days.

Teresa R. Maldon, COI
Signature/Hearing Officer

IGT BALANCE:
4yrs., 8mos. & 5 days.

TERESA MALDON, COI
Type Name and Title

Warden's Action/Date  3-9-06
Approved  YES/NO
_____
Other (specify) _____

Reason if more than 30 calendar days delay in action. _____

I hereby certify that a completed copy of the foregoing Disciplinary Report was served on the above named inmate on this  9  day of  MARCH  20 06 , at (time)  1:45  (am/pm).

Richard Smith COI,                    Refused to Sign Richard Smith COI
Signature/Serving Officer/Title       Inmate's Signature/AIS Number

Annex C of AR 403 (Page 2 of 3)

(Continuation Sheet) ADOC Form 225B, Alabama Department of Corrections
Disciplinary Report (Optional)

Inmate Name & AIS #  Cedric Johnson - BM/232250      Incident Report No. 06-234
Facility  BULLOCK COUNTY CORRECTIONAL FACILITY

CONTINUED ARRESTING OFFICER'S (AO) STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO ARRESTING OFFICER:
me several times. I could not come out of my jacket, it was hung on my radio. He hit me in my left eye several times. We fell to the floor. By this time, Officer L. Haynes assisted. Officers arriving were: Foster, Kelly, Thompkins, E. Haynes, and France.

CONTINUED INMATE'S STATEMENT AND/OR QUESTIONS BY HEARING OFFICER (QBHO) TO INMATE:

CONTINUED WITNESS TESTIMONY (QBHO):
INMATE LaMARIO AVERHART: bed him, Johnson punched him, they sarting fighting.
INMATE FERNANDIUS LOWMAN: him, Ms. Haynes hit him with the radio. He pushed her out the way.

CONTINUED FINDINGS OF FACT:
several times in the left eye.

CONTINUED BASIS FOR FINDINGS OF FACT:

CONTINUED HEARING OFFICER'S RECOMMENDATIONS:

OTHER: _____

ALABAMA DEPARTMENT OF CORRECTIONS
MENTAL HEALTH SERVICES
MENTAL HEALTH CONSULTATION TO DISCIPLINARY PROCESS

Inmate Name: _Cedric Johnson_                AIS#: _B/232250_
Institution: _BCCF_      Date of Disciplinary Report: _2-25-06_

_#29- Assault on Person(s) Associated w/ the D.O.C._

Is the inmate currently on the mental health caseload?        ☐ Yes   ☐ No
   If Yes, referred for mental health evaluation/consultation on: _____

### HEARING OFFICER:

Hearing officer must refer the inmate for mental health consultation if the inmate appears unable to understand what the charge is and what might happen as a result of the charge or the inmate appears unable to actively participate in the hearing as suggested by the following:

*Does the inmate know where he is?*          *Does the inmate know what date it is?*       *Does inmate know why he is seeing hearing officer?*
*Is the inmate appropriately dressed?*       *Is inmate able to speak coherently?*         *Does the inmate avoid eye contact?*
*Does the inmate make sense?*                *Are the inmate's statements logical and organized or unusual?*

Should the inmate be referred for mental health evaluation of competency?   ☐ Yes   ☐ No
   If Yes, referred for mental health evaluation/consultation on: _____

### MENTAL HEALTH STAFF:

Date request for consult received: _____      Date consult returned: _____

Is the inmate competent to participate in the hearing?
   If NO, why is the inmate not competent?                                                      **Yes**   No

If NO, what treatment will assist the inmate in becoming competent?

Are there mental health issues that may have impacted inmate's behavior at the time of the charge?    Yes   **No**
   If YES, briefly describe the issues:

Are there mental health issues to be considered regarding disposition if inmate found guilty?    Yes   **No**
   If YES, briefly describe the issues and possible relation to the disposition:

Does mental health staff want to be present at the disciplinary hearing to provide input?    Yes   **No**
Mental Health Staff Member: _Mike Haynes_     Phone Contact: _137_

### DISCIPLINARY HEARING:

Does the inmate appear to be competent to participate in the hearing?   **Yes**   No
Have the mental health recommendations been considered?                 **Yes**   No
Hearing Officer: _Teresa R. Maldon, COI_     Date: _3-7-06_

| Inmate Name _Cedric Johnson_ | AIS # _232250_ |

_S was reviewed by the MH staff and I looked at his institutional file. He can go to disciplinary court._
_Mike Haynes MH_
_File: Penny   Log: MH_

I Cedric Johnson walked from 14:15 dorm towards 18-19 to relay a message to someone, basically was I. (By me knowing the rules after being here at Bullock for so long) I got to the right side of the hall coming from cube 3 going toward the infirmary; and upon me approaching cube 2 I saw Mrs Haynes and officer Rudolph "addressing" "verbally" handling an inmate by the name of Parnell (last name I can't remember). In front of cube door, blocking the whole walk way. If someone wanted to circle, they couldn't. So I stopped my walk to make sure I wouldn't get in their way. Officer Rudolph I guess spotted me out of the corner of his eye because I glanced my way. I over heared him saying to inmate Parnell that "Mental Health's got pill call going on, so the hall is locked down, so why was he coming out of their halls when he doesn't live in Mental Health. So they chewed him out and left. And Mrs Haynes trailed right behind him heading towards the shift office direction. So upon officer Rudolph seeing me standing there during his discussion with Parnell, he automatically turned towards me, stepped towards (infront) of me and say (Now what the fuck you want)" Right there he violated the '403' where it states "No officer is suppose to abuse athorty at anytime or use verbal abusive language 'cursing') So I told him I'm walking towards the infirmary officer Rudolph said "No you aint; you fenna get the fuck outta my face"... Now if this is the many or several direct orders he says he had given me, I couldn't conceive it, I couldn't ear it or grasp it due to the lack of communication; I'm trying to see why is (officer Rudolph) handling me this rough so I paused and tried to register this in my head. So as I'm trying to take all this in he charges me around the throat launching me towards the cube (cube 2) So I blanked out. I know I'm an inmate but this wasn't my fight this was his, and he was the aggressor. If the 403 was being abided by, So I had've violated he could've called the shift office like other officers do and reported my major violation before assaulting me, or basically nothing.

Thank You.

1) Prior to your altercation with Mr. Johnson, you and Mrs Haynes had a verbal altercation with Mr. Parnell; correct? Was this around the S.A.P AREA? **Already answered in statement**

2) Being that this took place around 14 & 15 where did you and Mr. Johnson altercation take place? **in front of cube II**

3) Did Mr. Johnson stop "as if being nosey" to observe your altercation with Mr. Parrnell? **Yes**

4) Then how did Mr. Johnson end up in your path if he stopped to observe in the crimebill area which is where your altercation took place? **This occured in front of Cub II**

5) Is it possible you unawaringly walk or approached Mr. Johnson out of frustration after dealing with Parrnell? **No** Upon you approaching Mr Johnson out of frustration, you gave him your impression of the several direct orders you claimed to have given him? **No**

6) What was the reason of repetitously cursing Mr. Johnson? **I may have cursed when I removed him from in front of me**

7) Is it possible you handled the situation unproffessionally? **IRR**

8) Did you lash out on Mr. Johnson physically when he didn't understand "your" order? **No**

## Witnesses

1) Mr. Avehart what did you hear, if you heared, and witness?
2) Mr. Lowman what did you hear, if you heard, and witness?

**See synopsis or statements**

SYNOPSIS FOR DISCIPLINARY HEARING

This Bullock County Correctional Facility disciplinary hearing is hereby convened to hear evidence against inmate *Cedric Johnson*. The time is *10:00 Am* and today's date is *3-7-06*.

The accused, the arresting official and all witnesses were sworn to tell the truth during these proceedings.

The hearing officer explained to inmate *Cedric Johnson* that he was being charged by officer *Alex Rudolph* with violation of Rule # *29*, specifically, *Assault on a Person(s) Associated w/ DOC*, and that he was served a copy of the charge on (date) *2-28-06*, and (did)/did not desire witnesses.

The hearing officer fully examined the documents to ensure that Due Process was afforded. The hearing officer then asked the accused if he understood the charge and he replied; (Yes) ✓ (No) ___. After the accused answered yes, the hearing officer asked, "How do you plea?" and the accused replied; (Guilty) ___ (Not Guilty) ✓.

ARRESTING OFFICER'S TESTIMONY: On 2-25-06 I was roving around Cube II 12-15 Ofcr L Haynes asked me to stop J3 Parnell and shake him down. I saw J3 Johnson approaching. After shaking down Parnell I stood up turned to go in #12 J3 Johnson was standing directly in front of me. I asked him what was wrong and to step back standing to close. He asked me the same thing I ordered him to step back again instead he turned and leaned in towards me I pushed him back he grasped my jacket pulling it over my head he hit me several times I couldn't come out of my jacket it was hung on my radio. He hit me in my left eye several times. We fell to the floor by this time Ofcr L Haynes assisted. Other officers arriving were Ofcrs Foster, Kelly, Thompkins, E Haynes and France.

~~INMATE'S TESTIMONY:~~ Inmate Testimony - See written statement. Inmate Johnson also stated I did hit him several times because he pushed me.

WITNESS #1: *LaMario Averhart* - I was in dorm #14 he gave me a cup of coffee to put on his bed he left the dorm he met Ofcr Rudolph next thing somebody said they getting ready to fight I stood up went to grill Rudolph grabbed him Johnson punched him they starting fighting.

WITNESS #2: *Fernandius Lowman* - I was in #12 dorm washing my shoes I saw Ofcr Rudolph and Johnson on the hallway. Johnson looked like he was explaining something to Rudolph. Rudolph grabbed him by the throat pushed him back J3 Johnson hit him Ms Haynes hit him with the radio he pushed her out the way.

WITNESS #3: ___

CONTINUE ON THE BACK

REVISED 11/95

SYNOPSIS FOR DISCIPLINARY HEARING

This Bullock County Correctional Facility disciplinary hearing is hereby convened to hear evidence against inmate **Cedric Johnson**. The time is **10:00 AM** and today's date is **3-7-06**.

The accused, the arresting official and all witnesses were sworn to tell the truth during these proceedings.

The hearing officer explained to inmate **Cedric Johnson** that he was being charged by officer **Alex Rudolph** with violation of Rule # **29**, specifically, **Assault on a Person(s) Associated w/ DOC**, and that he was served a copy of the charge on (date) **2-28-06**, and (did) ~~did not~~ desire witnesses.

The hearing officer fully examined the documents to ensure that Due Process was afforded. The hearing officer then asked the accused if he understood the charge and he replied; (Yes) ✓ (No) ___. After the accused answered yes, the hearing officer asked, "How do you plea?" and the accused replied; (Guilty) ___ (Not Guilty) ✓.

ARRESTING OFFICER'S TESTIMONY: On 2-25-06 I was roving around Cube II 12:15 Ofcr L. Haynes asked me to stop J3 Parnell and shake him down. I saw J3 Johnson approaching. After shaking down Parnell I stood up turned to go in #12 J3 Johnson was standing directly in front of me. I asked him what was wrong and to step back standing to close. He asked me the same thing I ordered him to step back again instead he turned and leaned in towards me I pushed him back he grasped my Jacket pulling it over my head he hit me several times I couldn't come out of my Jacket it was hung on my radio. He hit me in my left eye several times. We fell to the floor by this time Ofcr L. Haynes assisted. Other officers arriving were Ofcrs Foster, ~~INMATE'S TESTIMONY~~ Kelly, Thompkins, E. Haynes and France.

Inmate Testimony - See Written Statement. Inmate Johnson also stated I did hit him several times because he pushed me.

WITNESS #1: **LaMario Averhart** - I was in dorm #14 he gave me a cup of coffee to put on his bed he left the dorm he met Ofcr Rudolph. next thing somebody said they getting ready to fight I stood up went to grill Rudolph grabbed him Johnson punched him they starting fighting.

WITNESS #2: **Fernandius Lowman** - I was in #12 dorm washing my shoes I saw Ofcr Rudolph and Johnson on the hallway. Johnson looked like he was explaining something to Rudolph. Rudolph grabbed him by the throat pushed him back J3 Johnson hit him As Haynes hit him with the radio he pushed her out the way.

WITNESS #3: _____

CONTINUE ON THE BACK

REVISED 11/95