In The United States District Court For The Middle
District Of Alabama, Northern Division

RECEIVED

2006 OCT 13  A 9: 44

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Cedric Johnson,
Plaintiff,

Vs.

Louis Boyd, Et. Al.,
Defendants,

Case No. # 2:06-CV-602-M.E.F

## Plaintiff's Reply To Defendant's Answer

Comes Now the plaintiff Cedric Johnson, and respectfully moves this Honorable Court pursuant to the Answer which was presented for their Special Report. The plaintiff will show forth that these officer's and agents maliciously and sadistically caused bodily harm to him, and acted outside of their official capacity in the duty of an officer, and the oath that they gave to protect and serve as an officer. CO-I-Alex Rudolph has submitted an affidavit admitting that he pushed inmate Johnson in the chest, but in actually reality, he pushed inmate Johnson by the neck. This action would be out of character as to the procedures that the officer was taught in his duties as a correctional officer. The inmate initiated no threat towards the officer, but was assaulted and abused by the officer's for no apparant reason. The plaintiff directs this court to reflect to the affidavit submitted to this Court from CO-I-Alex Rudolph, Exhibit #2;

Plaintiff further reflects to the affidavit that was submitted by CO-I-LaSonja Haynes, which she admits that she assaulted inmate Johnson in the face with her fist. This is not the... normal practice that is used in restraining an inmate while taking him into custody, and amounts to cruel and unusual punishment by the officer. There is no procedure that allows an officer to assault an inmate with their fist, and this is not in compliance with the rules, regulations, policies, and rights that governs institutional laws.

The plaintiff was sent to the institutional infirmary for a body chart, that it would determine the inflicted wounds that occured during the restraint. CO-I- LaSonja Haynes did not admit that she had also hit inmate Johnson in the top of his head with her radio, see body chart of Johnson.

A witness that saw the encounter take place between the inmate and officers, has submitted an affidavit to show forth that CO-I-LaSonja Haynes did indeed hit Johnson in the top of the head with the radio as indicated in the disciplinary and hospital report, see Exhibit #1 attached.

Claims of excessive force against inmates are governed by the Eighth Amendment proscription of cruel and unusual punishment, *Campbell-v-Sikes*, 169 F.3d. 1353, 1374 (11th Cir. 1999). To establish an Eighth Amendment claim of excessive force, the plaintiff must prove that force was applied, maliciously and sadistically for the very purpose of causing harm, *Quoting Whitey-v-Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 89 L.E. 2d. 251 (1986).

The core judicial inquiry in such a claim is whether force was applied in a good faith effort to maintain or restore discipline, or malicious and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 7, 112 S.Ct. 995, 999 (1992). The plaintiff has submitted his own affidavit of the true events and facts to this occurrance, and is due a hearing on this civil action before the court. The plaintiff is due $100,000.°° (One hundred Thousand Dollars) for pain and suffering from his head and neck injuries, for this record submitted by the defendants, show that they abused their authority and Job titles, and assaulted him for no reason.

Done this 10th day of October 2006;

Respectfully Submitted,
CEDRIC JOHNSON

## Certificate Of Service

I hereby certify that a copy of the foregoing has been served on all interested parties, by placing a copy of the same in the United States Mail, postage prepaid, and addressed to the following;

Clerk Of The Middle District Court
  Northern Division Of Alabama
   P.O. Box 711
  Montgomery, Alabama-36101-0711

Office Of The Attorney General
  11 South Union Street
  Montgomery, Alabama-36130

Done this 10th day of October, 2006;

Respectfully Submitted,
CEDRIC JOHNSON

4.